FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CANDELARIA CRUZ-CARRASCO,<br><br>　　　　Defendant. | No. 4:19-CR-06021-SAB-1<br><br>**ORDER GRANTING MOTION TO WITHDRAW PLEA OF GUILTY** |

　　　A hearing on Defendant Candelaria Cruz-Carrasco's Motion to Withdraw Plea of Guilty, ECF No. 92, was held on June 16, 2022 in Yakima, Washington. Assistant Federal Public Defender Paul Shelton appeared on behalf of Defendant Candelaria Cruz-Carrasco, who was present in the courtroom and out of custody. Assistant United States Attorney Richard Burson appeared on behalf of the United States of America.

　　　Ms. Cruz-Carrasco requests leave to withdraw from her plea of guilty to Count 1 of the Indictment dated April 9, 2019, charging her with Alien in United States After Deportation, on the basis that she is a victim of severe human trafficking and recently received a T nonimmigrant visa ("T Visa") substantiating her claims. For the reasons stated at the hearing and described herein, the motion is granted. This Order memorializes the Court's ruling on the matter.

**ORDER GRANTING MOTION TO WITHDRAW PLEA OF GUILTY *1**

On February 5, 2020, the Court found that Ms. Cruz-Carrasco's guilty plea was "knowing and voluntary," "not induced by fear, coercion, or ignorance," and "supported by an independent basis in fact establishing each of the essential elements of the crime." ECF No. 58 at 1. In September 2021, the United States granted Ms. Cruz-Carrasco a T Visa, permitting her to remain in the country because of her status as a victim of human trafficking. While the United States now opposes Ms. Cruz-Carrasco's motion to withdraw on the basis that it must be able to rely on the finality of plea agreements, the government does not challenge the veracity of Ms. Cruz-Carrasco's claims.

Human trafficking involves the use of "force, fraud, or coercion to obtain some type of labor or commercial sex act."[1] Certain individuals are more vulnerable to forced labor than others, such as people with unlawful immigration status.[2] Human trafficking is often a "hidden crime" because victims are afraid to come forward and get help.[3] Relevant here, some victims stay silent because they "may be forced or coerced through threats or violence[,] . . . may fear retribution from traffickers, including danger to their families[,] and . . . may not be in possession of or have control of their identification documents."[4]

In this case, the record shows that Ms. Cruz-Carrasco pled guilty due to fear of retribution from traffickers, including actual and credible threats, and a belief

---

[1] *Blue Campaign: What is Human Trafficking?*, U.S. DEP'T OF HOMELAND SEC. (June 3, 2022), https://www.dhs.gov/blue-campaign/what-human-trafficking.

[2] *Blue Campaign: What is Forced Labor?*, U.S. DEP'T OF HOMELAND SEC. (June 3, 2022), https://www.dhs.gov/blue-campaign/forced-labor.

[3] *Blue Campaign: Myths and Misconceptions*, U.S. DEP'T OF HOMELAND SEC. (May 26, 2022), https://www.dhs.gov/blue-campaign/myths-and-misconceptions.

[4] *Id.*

**ORDER GRANTING MOTION TO WITHDRAW PLEA OF GUILTY *2**

that her allegations of trafficking would not be believed by the United States. The plea occurred while Ms. Cruz-Carrasco was still processing trauma related to her experience as a victim of human trafficking. Since then, Ms. Cruz-Carrasco came forward with her story and the United States found it credible.

Given the nature of human trafficking generally, and its impacts on Ms. Cruz-Carrasco specifically, a "fair and just reason" exists to permit Ms. Cruz-Carrasco to withdraw from the plea agreement. Fed. R. Crim. P. 11(d)(2)(B). In part, the Court concludes that Ms. Cruz-Carrasco's acquisition of the T Visa is an "intervening circumstance[ ]" that did not exist when she pled guilty—therefore, withdrawal is appropriate under Federal Rule of Criminal Procedure 11(d)(2)(B). *United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009) (quoting *United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007)). Moreover, based on the present record, the Court cannot find that Ms. Cruz-Carrasco's plea was not induced by fear, coercion, or ignorance, or that it was supported by an independent basis in fact establishing each element of the crime. *See* Fed. R. Crim. P. 11(b)(2), (3); *see generally* ECF Nos. 100, 101, 101-1, 101-2.

//
//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING MOTION TO WITHDRAW PLEA OF GUILTY *3**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Withdraw Plea of Guilty, ECF No. 92, is **GRANTED**. Defendant is permitted to withdraw from the Plea Agreement, ECF No. 57.

2. A pretrial conference is **SET** for **June 22, 2022** at **9:30 a.m.** in **Yakima**, Washington.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 16th day of June 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO WITHDRAW PLEA OF GUILTY *4**